OPINION OF THE COURT
Edward J. Greenfield, J.
This case involves greed, crime and foolishness, all the makings of a good novel. Unfortunately, however, it also involves the flimflamming of a senior citizen out of $11,000 in travelers checks and $9,000 cash.
On December 6, 1978 while taking a walk, this 75-year-old plaintiff was approached by a young man carrying a canvas bag claiming it had just fallen from a truck and contained a great deal of money. The two were shortly joined by a third man. A plan was devised which required plaintiff to show his good faith by putting up $9,000 in cash plus $11,000 in travelers checks after which he would receive one third of the found money.
Plaintiff then went to his bank, the Independence Savings Bank, withdrew the cash and purchased 110 hundred dollar denomination First National City Bank travelers checks, signing each at the upper left corner as is required, and deposited the entire amount ($20,000) in his safety deposit box at the bank.
*308 On the following day, December 7, 1978, he turned over the cash and travelers checks to the flimflam man and was given a bundle, ostensibly containing money, which he immediately and without opening, placed in his safety deposit box.
On Monday, December 11, 1978, after a weekend to reflect upon the events of the previous few days, he went to the bank, checked the bag he placed in his safety deposit box and discovered that the bag contained only play money. Plaintiff thereupon notified the police and Independence Savings Bank of the lost travelers checks and a stop payment demand was then transmitted to defendant.
Plaintiff, thereafter, filed an application with defendant for a refund which was denied. Upon plaintiff’s action to recover the $11,000 in travelers checks, defendant now moves for summary judgment citing three grounds which shall be treated seriatim.
Defendant first claims that plaintiff would be entitled to a refund only if the checks are lost or stolen. Defendant avers that the term “lost or stolen” means an involuntary transfer of the property and since it is admitted that plaintiff voluntarily transferred the checks, he may not now recover.
Upon this ground, defendant must fail. The contract does not specify that the law of any other jurisdiction will apply and since the only contracts are with this State, New York law applies. Under our law, theft is defined under section 155.05 of the Penal Law and includes larceny by trick, obtaining property under false pretenses and by false promise. (Penal Law, § 155.05, subd 2, pars [a], [dj.) In any such prosecution “it must appear that the owner, relying upon the misrepresentation, voluntarily parted with possession of or title to the property.” (Emphasis in original; People v Lobel, 298 NY 243, 255; People v Gross, 51 AD2d 191, 196.)
Thus the issue of voluntariness, which defendant concedes, is a material element in the definition of the crime of larceny or stealing and accordingly, these travelers checks were stolen.
*309 Defendant next claims that plaintiff breached the agreement in that he parted with the travelers checks in connection with a wager or game of chance; that when he turned his money over to the total strangers with the prospect of doubling his money, he was, in effect, taking a “crap-shoot”. Under the definition proposed by defendant, every investment including those in securities, art or real estate, as well as unsecured loans by banking institutions, would fall within its boundaries. Plaintiff was not engaging in a wager which calls for the transfer of money to one party or another depending upon the happening of a future contingent event not within the control of the parties. Rather, plaintiff believed he was investing in a “sure thing”.
“If a sum of money is put up merely to abide a contingent event, at which time the event will determine to whom the money shall go, the transaction is clearly a wager. If, on the other hand, the money is used in the speculative enterprise, the reward of success is deemed a return on investment.” (Emphasis in original; Liss v Manuel, 58 Misc 2d 614, 617.)
The third ground asserted is that plaintiff breached the agreement by parting with the checks in an illegal transaction. This assertion is patently absurd since it makes, for the purposes of refund, the victim of a crime the accomplice of the perpetrator.
That plaintiff failed to deposit the allegedly lost money with the police under section 252 of the Personal Property Law may be indicative of a wrongful intent, but as a person coming into possession of lost property, plaintiff would have had 10 days to report it to the police. Since it was discovered that there was no “lost property”, the matter was reported to the police and a stop payment order was issued, all within the 10-day period, this statute has no application.
Accordingly, this motion for summary judgment is denied.